**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SHELVIE HARDIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No.: 4:17-cv-3732** |
| **vs.** | § | |
| | § | |
| **LONE STAR COLLEGE SYSTEM and** | § | |
| **STEPHEN C. HEAD in His Official** | § | |
| **Capacity as Chancellor and Chief Executive** | § | |
| **Officer of Lone Star College System** | § | **TRIAL BY JURY DEMANDED** |
| | § | |
| **Defendants.** | § | |

---

## ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

SHELVIE HARDIN, (hereinafter "Plaintiff"), complains of LONE STAR COLLEGE SYSTEM (hereinafter "LSC") and STEPHEN C. HEAD in his official capacity of Chancellor and Chief Executive Officer of LSC (hereinafter "Head"), and for cause of action would show the Court as follows:

### INTRODUCTION

1.  Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2.  Plaintiff files this lawsuit and complains of discrimination based on race and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

3.  Plaintiff files this Complaint and complains of discrimination based on race under 42 U.S.C. § 1981 ("§ 1981").

4.      This action seeks compensatory and punitive damages, plus lost wages (past, present, and future), attorney's fees, emotional distress and mental anguish, taxable court costs, pre-judgment and post-judgment interest and an injunction.

## PARTIES

5.      Plaintiff, SHELVIE HARDIN, is a resident of Houston, Texas.

6.      Defendant, LONE STAR COLLEGE SYSTEM ("LSC"), is an institution of higher education, and process may be served on its Chancellor and Chief Executive Officer, Stephen C. Head, located at 500 Research Forest Drive, The Woodlands, Texas 77381.

7.      Defendant, STEPHEN C. HEAD ("Head"), is the Chancellor and Chief Executive Officer of LSC, and he has the authority to administer, organize, manage, and supervise the daily operations of LSC, including employment, discharge, hiring, reinstatement, and non-renewal or termination of employees.

## VENUE

8.      Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, in that the Defendant can be said to reside and/or do business in this district as required under 28 U.S.C. § 1391.

## JURISDICTION

9.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under Title VII (42 U.S.C. § 2000e, et seq.) and 42 U.S.C. § 1981 for employment discrimination on the basis of race and retaliation.

10.     This Court has original jurisdiction pursuant to Texas Labor Code § 21.053 for race discrimination.

11.     This Court has original jurisdiction pursuant to Texas Labor Code §21.055 for retaliation.

12.     The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

13.     All conditions precedent to the filing of this action have been met by Plaintiff in that he has filed timely complaints with the Equal Employment Opportunity Commission ("EEOC").

14.     Plaintiff filed a Charge of Discrimination for discrimination based on race under Title VII (Charge No. 460-2017-03938) against Defendant with the EEOC on August 17, 2017.

15.     Plaintiff was issued a Notice of Right to Sue letter from the EEOC entitling him to file suit on his claim of race discrimination under Title VII, on September 18, 2017.

16.     Plaintiff filed a second Charge of Discrimination for retaliation under Title VII on November 13, 2017.

17.     Plaintiff was issued a Notice of Right to Sue letter from the EEOC entitling him to file suit on his claim of retaliation under Title VII on November 15, 2017.

18.     The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

## FACTS

19.     Plaintiff began employment at the LSC North Harris campus ("LSC-NH") on August 16, 2010, as a Maintenance Technician in the Heating, Ventilation, Air-Conditioning, and Refrigeration department ("HVAC").

20.     Plaintiff is black.

21.     Plaintiff is qualified for his position as a Maintenance Technician.

22.     Plaintiff is the only black Maintenance Technician in the HVAC department at LSC-NH.

23. On July 10, 2017, an independent contractor of LSC, Billy Slocumb ("Slocumb"), told Plaintiff to pick up trash from a pile that Slocumb himself created three days' prior as a means to degrade Plaintiff based on the fact that he is black.

24. Slocumb is white.

25. Slocumb's demeaning request described above was done in the presence of two other white HVAC employees, including Tony Andrews ("Andrews").

26. On July 11, 2017, Mark Shiflet ("Shiflet") asked two other white employees, Glenn Jackson and Todd Marxsen if Plaintiff in particular cleaned up Slocumb's trash.

27. On July 11, 2017, Plaintiff complained of race discrimination—based on Slocumb's order for Plaintiff in particular to pick up trash in the presence of other white HVAC employees and Shiflet then asking if Plaintiff picked up Slocumb's trash rather than any HVAC employee—to LSC's Administration Vice President, Johanna Boley, who told Plaintiff she agreed that Slocumb should not have done such a thing.

28. Shortly after Plaintiff complained of race discrimination to Johanna Boley at LSC, Plaintiff's immediate supervisor, Terry Erwin ("Erwin") issued Plaintiff a "final reminder" write-up for not picking up the trash based on untrue statements made by white independent contractors of LSC and containing incorrect dates.

29. Thereafter, LSC management harassed witnesses who participated as witnesses in Plaintiff's complaint of race discrimination, transferred them away from the LSC-NH campus, and increased Plaintiff's workload in isolation.

## COUNT I

## DISCRIMINATION BASED ON RACE UNDER TITLE VII

30. Plaintiff re-alleges and incorporates into count one, paragraphs 1 to 26.

31.   Defendant, by and through their agents and employees, especially Slocumb and Shiflet, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII.

32.   Had Plaintiff not been black, he would not have been singled-out, subjected to a hostile work environment, disparate treatment, or terminated based on his race.

## COUNT II

### DISCRIMINATION BASED ON RACE UNDER § 1981

33.   Plaintiff re-alleges and incorporates into count one, paragraphs 1 to 29.

34.   Defendant, by and through their agents and employees, especially Slocumb and Shiflet, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII.

35.   Had Plaintiff not been black, he would not have been singled-out, subjected to a hostile work environment, disparate treatment, or terminated based on his race.

## COUNT III

### RETALIATION UNDER TITLE VII

36.   Plaintiff re-alleges and incorporates into count one, paragraphs 1 to 32.

37.   Plaintiff engaged in a protected activity by complaining that he was singled-out within the LSC HVAC department based on his race.

38.   Defendant, by and through their agents and employees, especially Erwin, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII.

39.     Defendants, by and through their agents, especially Erwin, maintained a policy of retaliation in the aforementioned practices, policies, customs and usages made unlawful in violation of the foregoing statute against Plaintiff.

40.     Had Plaintiff not complained of race discrimination, based on the fact that Plaintiff is black, committed by Slocumb and Shiflet, Plaintiff would not have been subjected to further disparate treatment and given a final warning.

## DAMAGES

41.     As a direct and proximate result of the aforementioned acts, Plaintiff may suffer loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

## EXEMPLARY DAMAGES

42.     Defendant's actions were intentional, willful, harsh, oppressive, reckless and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress.  The wrongs done by the Defendant were aggravated by its willfulness, wantonness and maliciousness for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## ATTORNEY'S FEES

43.     Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE and ASSOCIATES, PLLC, in order to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

44.     Plaintiff hereby makes his request for a jury trial.

## INJUNCTIVE RELIEF

45.     Plaintiff seeks injunctive relief requiring Defendants to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with Title VII and who violate Federal statutory protection against discrimination and retaliation.

46.     Plaintiff seeks injunctive relief requiring Defendants to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop situations and complaints. Such specific actions include, but are not limited to:

   a.   allocation of significant funding and trained staff to implement all changes within two years;

   b.   discipline managers who have violated the company's policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

   c.   establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

   d.   creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

   e.   mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions; and

   f.   eliminating the backlog of current EEO cases alleging discrimination, harassment and reprisal.

## PRAYER

47.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants

be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the

following prospective relief:

a.   back pay;

b.   pre-judgment interest on back pay;

c.   front pay;

d.   compensatory damages, including but not limited to emotional distress;

e.   punitive damages;

f.   injunctive and affirmative relief;

g.   attorneys' fees and costs; and

h.   such other and further relief, at law or in equity, general or special, to which Plaintiff

may show she is justly entitled.

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

By:____/s/ct_____
Connor Throckmorton
S.D. Tex. #3065092
TX Bar #24103965
Email: connor.throckmorton@coane.com
Bruce A. Coane
S.D. Tex. #7205
TX Bar # 0442360
Email: bruce.coane@gmail.com
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone:     (713) 850-0066
Facsimile:     (713) 850-8528
***ATTORNEYS FOR PLAINTIFF***